Mott *vs.* Mustian.

---

R. L. MOTT, plaintiff in error, *vs.* JOHN L. MUSTIAN, defendant in error.

This Court will not, as a general rule, interfere with the exercise of the sound discretion of the Court below, in allowing pleadings and process to be amended under the liberal provisions of the Code.

Amendment of process. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1870.

Mustian filed a bill against Mott on the 31st of December, 1869, and prayed therein for subpœna, requiring him to appear at the next Superior Court of said county. On the 21st of April, 1870, the Clerk issued the subpœna, in which Mott was required to appear at the Superior Court, "to be held

Mott *vs.* Mustian.

on the fourth Monday in October next." The defendant was served on the 22d of April, 1870. When the cause was called, defendant's counsel moved to dismiss the bill, because the process was returnable to October Term, instead of May Term, 1870. Plaintiff moved to amend the process by inserting May for October. The Court allowed this amendment and overruled the motion to dismiss. This is assigned as error.

MOSES & DOWNING, for plaintiff in error. The original process was void and not amendable: Revised Code, section 3440; 13th Georgia Reports, 217.

H. L. BENNING, for defendant. The mistake was amendable: 35th Georgia Reports, 156, 269. Informality, etc., does not vitiate: Revised Code, section 4118. Motion comes too late: Revised Code, section 4132.

WARNER, Judge.

This was a motion to dismiss a bill pending on the equity side of the Court. It appears from the record, that the bill was filed on the 31st of December, 1869, and the process attached thereto required the defendant to appear on the fourth Monday in October, 1870, and was served on the defendant 22d of April, 1870. The complainant moved to amend said process, so as to make it returnable to the May Term of the Court, 1871, and have an *alias subpœna* issued, returnable to said term; which motion the Court allowed, and refused to dismiss the bill; whereupon, the defendant excepted. Under the liberal provisions of the Code, as to amendments of pleadings and process, there was no error in the Court in allowing the amendment of the process, and this Court will not interfere with the exercise of its discretion in doing so in this case, and refusing to dismiss the complainant's bill.

Judgment affirmed.